# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **COLBY HOOPER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NUMBER:** |
| ) | **JURY TRIAL DEMANDED** |
| **MIDLAND FUNDING, LLC;** ) | |
| **MIDLAND CREDIT** ) | |
| **MANAGEMENT, INC.** ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Colby Hooper, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA").

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that at all relevant times the Defendant transacted business here, and the Plaintiff resides here.

### STATEMENT OF THE PARTIES

1. Plaintiff, Colby Hooper, is over the age of nineteen (19) years and is

a resident of the city of Homewood in Jefferson County, Alabama.

2. Defendant Midland Funding, LLC ("Midland") is and at all times pertinent herein was, a foreign limited liability company or other legal entity organized under the laws of the State of Delaware with its principal place of business in San Diego, California. Plaintiff asserts that, upon information and belief, Defendant Midland Funding, LLC is a debt collector as that term is defined by the Fair Debt Collection and Practices Act at 15 U.S.C. §1692(a)(6).

3. Defendant, Midland Credit Management, Inc. ("MCM" or collectively with Midland as "The Defendants"), is a foreign corporation incorporated in the State of Delaware.  MCM was, in all respects and at all times relevant herein, doing business in the state of Alabama, and is registered to do business in Alabama with the Alabama Secretary of State.  Plaintiff asserts that Defendant is regularly engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).  MCM is the servicer of accounts for Midland.

4. All events herein occurred in Jefferson County, Alabama.

## STATEMENT OF FACTS

### *Background*

5. On or about May 10, 2017, Defendants filed a lawsuit against Plaintiff Colby Hooper in the Small Claims Court of Jefferson County, Alabama which was assigned case number 01-SM-2017-902861 (hereinafter referred to as "the lawsuit").

6. The lawsuit involved a debt allegedly owed by Plaintiff to GE Capital Retail Bank, an entity not a party to this lawsuit, as the result of the use of a credit card. Defendants filed the lawsuit in an attempt to collect an alleged debt.

7. The alleged debt was incurred for personal or household purposes.

8. In its complaint Midland represented that GE Capital Retail Bank assigned all rights, title and interest in an account allegedly belonging to Colby Hooper to Midland and claimed that Mr. Hooper allegedly had a balance due on the account of $1,410.00.

9. Plaintiff has never done business with Defendants and has never owed Defendants any money.

10. Defendants represented to the Jefferson County Small Claims Court that Mr. Hooper had been served with the summons and complaint by way of private process server on or about May 26, 2017.

11. Mr. Hooper was not served with the summons and complaint.

12. Despite not having served Mr. Hooper, Defendants moved for a default judgment against Mr. Hooper on June 29, 2017.

13. The Defendants' motion for default judgment was granted on July 3, 2017.

14. On April 10, 2019, Defendants filed a process of garnishment in order to garnish Plaintiff's wages in order to satisfy the improper judgment against Plaintiff.

15. The process of garnishment was served on his employer, Dawson Family of Faith, also known as Dawson Memorial Baptist Church, on April 12, 2019.

16. It was only after the process of garnishment was served on his employer that Plaintiff learned of the Defendants' lawsuit against him.

17. Plaintiff, through counsel, moved the Small Claims Court to release the garnishment and to set aside the default judgment on the grounds that Plaintiff was never served with the summons or complaint.

18. On May 20, 2019, following a hearing that same day, the Small Claims Court released the garnishment and set aside the invalid default judgment that was entered against the Plaintiff and ordered that the money garnished from him be returned.

19. Plaintiff then answered the Complaint filed by the Defendants and denied all of the allegations made by Defendants in the lawsuit.

20. Trial was held on Defendants' alleged claim against Mr. Hooper July 22, 2019.

21. Despite bearing the burden of proof, counsel for Midland called no witnesses at trial and did not offer a single document into evidence. There was no evidence at trial that the alleged debt was assigned to Midland, that Midland owned the alleged debt and as such had any standing to bring suit against Mr. Hooper or that Mr. Hooper was in any way responsible for paying the alleged debt claimed by Midland.

22. At the trial, due to the lack of any witness and the lack of any competent or admissible evidence, counsel for Mr. Hooper moved the

Court to enter judgment in favor of Mr. Hooper. As a result, the Court did enter judgment in Mr. Hooper's favor on July 22, 2019.

23. Each year Defendants file hundreds if not thousands of lawsuits against consumers in Alabama without any intention of proving the claims it alleges; with the knowledge that it will not present any witnesses to testify on its behalf at trial and knowing that it will not be able to offer any documents into evidence.

24. The pattern and practice of Defendants is to file multitudes of lawsuits in Alabama, such as the Small Claims lawsuit at issue in this case, in an effort to either secure a default against Alabama consumers who fail to answer the bogus complaints Midland files or to coerce a settlement or consent judgment from consumers at the courthouse before trial when Defendant knows it has no witnesses and no competent evidence to prove its claims.

25. The case filed against Mr. Hooper is not an outlier nor was it filed by mistake. Rather, as discovery in this case will show, it is merely an example of the unfair and intentionally illegal business model that Defendants have put into place.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions of Defendants and their employees and agents constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including, **but not limited to**, 15 U.S.C. § 1692d §1692e and §1692f with respect to Plaintiff.

28. As a direct and proximate result of the wrongful conduct visited upon Plaintiff by Defendants in their collection efforts, Plaintiff suffered actual damages including physical pain, mental anguish and emotional distress.

29. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant.

## COUNT TWO
## NEGLIGENCE

30. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

32. The Defendants knew or should have known that said conduct was improper.

33. The Defendants negligently failed to prevent and/or participated in improper collection activities.

34. As a result of The Defendants' negligence, the Plaintiff suffered physical pain, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS
## AGAINST THE DEFENDANTS

35. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36. The Defendants knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. The Defendants knew or should have known that said conduct was improper.

38. The Defendants recklessly and wantonly failed to prevent and/or participated in improper collection activities.

39. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## MALICIOUS PROSECUTION

40. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

41. Defendant Midland Funding, LLC sued the Plaintiff.

42. Midland Funding, LLC lacked probable cause to file the lawsuit.

43. Midland Funding, LLC maliciously filed the lawsuit against the Plaintiff.

44. The lawsuits ended in favor of Colby Hooper and against Midland Funding, LLC.

45. As a result of Midland Funding, LLC's frivolous lawsuit, Plaintiff was harmed.

# COUNT FIVE
# ABUSE OF PROCESS

46. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

47. Defendant Midland Funding, LLC filed a lawsuit against the Plaintiff alleging that it acquired a debt from a third party and represented that it owned the alleged debts and that Colby Hooper was indebted to Midland Funding, LLC.

48. Midland Funding, LLC misrepresented to the Small Claims Court that it served the summons and complaint upon Colby Hooper when it knew or should have known that it did not obtain service.

49. Midland Funding, LLC garnished Plaintiff's wages pursuant to a default judgment entered against the Plaintiff despite the fact that Plaintiff was not served with the summons and complaint.

50. Defendant Midland Funding, LLC never had any intent to prove any claim against the Plaintiff, but rather had an ulterior purpose when it filed the lawsuit against the Plaintiff.

51. The ulterior purpose was to attempt to force Plaintiff into paying Midland Funding, LLC or MCM for a debt that Midland and/or MCM either could not or refused to establish by any competent evidence or to obtain a default

judgment against the Plaintiff without any competent evidence supporting Midland's or MCM's claims.

52. Defendants were aware, at the time the lawsuit was filed, that they bore the burden of proof but despite that, they would never attempt to prove the claims alleged in the lawsuit and would never bring witnesses to Court or admit competent evidence in support of its claims.

53. Defendants were aware that this conduct would harm the Plaintiff either by forcing him to pay a debt that Defendants knew they would not or could not prove or, alternatively, by obtaining a default judgment against Colby Hooper on a debt Defendants knew it would not or could not prove in a court of law and would proceed with garnishing his wages.

54. This conduct by Defendants is all too common in Alabama state courts and constitutes a widespread pattern and practice against Alabama consumers, such as Colby Hooper.

## DAMAGES

Plaintiff alleges that as a direct and proximate result of the Defendants' acts alleged herein, Plaintiff was caused to incur physical pain as well as mental and emotional suffering and incurred other actual damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims damages of the Defendant in statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this court deems proper and/or necessary.

In addition to the above, Plaintiff further demands declaratory judgment that Defendants' conduct violated the FDCPA, actual damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in the amount of $1,000.00 for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k and costs and reasonable attorney's fees for the violations of the FDCPA pursuant to 15 U.S.C. § 1692k.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

OF COUNSEL:

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Facsimile: (205) 323-3906
filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Colby Hooper
707B Raleigh Court
Homewood, AL 35209

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**MIDLAND FUNDING, LLC**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**MIDLAND CREDIT MANAGEMENT, INC.**
c/o Registered Agent
Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104