FILED
 2019 Oct-30  PM 05:14
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **Colby Hooper,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CASE NO.:** |
| ) | **2:19-cv-01601-JEO** |
| **Midland Funding, LLC; Midland** ) | |
| **Credit Management, Inc.,** ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' ANSWER AND DEFENSES TO <u>PLAINTIFF'S COMPLAINT</u>

Defendants Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively, "Midland") answer Plaintiff Colby Hooper's ("Plaintiff") complaint as follows (utilizing the headings of Plaintiff's complaint for the sake of clarity, though not adopting them):

### JURISDICTION AND VENUE

Midland admits that this Court has subject matter jurisdiction and that venue is proper in this Court. Midland denies all remaining allegations of paragraph 1.

### STATEMENT OF THE PARTIES

1. Upon information and belief, admitted.

2. Midland Funding admits that it is organized under the laws of Delaware and that its principal place of business is in San Diego, California, but denies the remaining allegations of paragraph 2.

3. MCM admits that it is organized under the laws of Delaware and that it is registered to do business in Alabama with the Alabama Secretary of State's office. MCM also admits that, under certain circumstances, it services accounts for Midland Funding. MCM also admits that, under certain circumstances, it may meet the Fair Debt Collection Practices Act's (the "FDCPA") definition of a "debt collector," but it lacks sufficient knowledge or information to either admit or deny that those circumstances exist with respect to Plaintiff, and therefore denies said allegation. MCM denies all remaining allegations of paragraph 3.

4. Midland admits that the underlying collection lawsuit occurred in this judicial district but denies any remaining allegation of paragraph 4.

## STATEMENT OF FACTS

### *Background*

5. Midland admits that, on May 10, 2017, a lawsuit was filed on Midland Funding's behalf against Plaintiff in the Small Claims Court of Jefferson County, Alabama, which was assigned case number 01-SM-2017-902861. However, Midland denies that MCM was a party to that action.

6. As to the first sentence of paragraph 6, admitted. As to the second sentence of paragraph 6, Midland denies that MCM was a party to the underlying collection lawsuit referenced in paragraph 5.

7. Midland lacks sufficient information at this time to admit or deny the allegation of paragraph 7 and therefore denies that allegation.

8. Midland admits that a complaint was filed on Midland Funding's behalf in the underlying collection lawsuit; the complaint speaks for itself. Midland denies that MCM was a party to that action.

9. Denied.

10. Midland admits that a "Return on Service" form was filed in the underlying collection lawsuit on June 28, 2017; the form speaks for itself. Midland denies that MCM was a party to that action.

11. Denied.

12. Midland denies that Plaintiff was not served in the underlying collection lawsuit, and Midland further denies that MCM was a party to that action. Midland admits that a motion for default judgment was filed on Midland Funding's behalf in that action on June 29, 2017; said motion speaks for itself.

13. Midland admits that the aforementioned motion for default judgment filed on Midland Funding's behalf was granted on July 3, 2017, but Midland denies that MCM was a party to the underlying collection lawsuit.

3

14. Midland admits that a process of garnishment was filed on Midland Funding's behalf in the underlying collection lawsuit on April 10, 2019. Midland denies that the underlying judgment was "improper" and further denies that MCM was a party to that action.

15. Midland admits that the aforementioned process of garnishment was served on Dawson Family of Faith on April 12, 2019.

16. Upon information and belief, denied.

17. Midland admits that Plaintiff's counsel filed a motion to release the garnishment and set aside the default judgment in the underlying collection lawsuit; said filing speaks for itself.

18. Midland admits that the small claims court held a hearing, and entered an order, regarding Plaintiff's aforementioned motion to release the garnishment and set aside the default judgment on May 20, 2019; said order speaks for itself. Midland denies paragraph 18's characterization that the underlying default judgment was "invalid[.]"

19. Midland admits that Plaintiff filed an answer in the underlying collection lawsuit; said answer speaks for itself. Midland denies that MCM was a party to that action.

20. Midland admits that a trial was held in the underlying collection lawsuit on July 22, 2019. Midland denies that MCM was a party to that action.

7690653.1

21. Denied as stated.

22. Midland admits that the order entered by the small claims court following the trial of the underlying collection lawsuit provides that Plaintiff's counsel orally moved for entry of judgment in favor of Plaintiff, and that said order granted Plaintiff's motion. Midland denies the remaining allegations of paragraph 22.

23. Paragraph 23 contains generalized allegations against Midland's purported debt collection practices—not allegations regarding Midland's actions *as they relate to Plaintiff*—and allegations concerning unnamed third parties who are not at issue in this case. Generalized allegations against Midland or about unnamed third parties are impertinent and immaterial to this case, which involves the filing of a collection lawsuit against Plaintiff. Paragraph 23 contains no allegations about acts taken *with respect to Plaintiff*, and therefore no response should be required.[1] To the extent this paragraph is deemed to contain any material allegation against Midland, each such allegation is denied.

24. To the extent paragraph 24 contains generalized allegations about Midland's purported debt collection practices and/or unnamed third parties who are

---

[1] *See Simmons v. Encore Capital Group, Inc.*, No. 3:13-CV-113, 2013 WL 1898171, *1 (E.D. Tenn. May 7, 2013) (striking "generalized allegations of Defendants' alleged practices and actions allegedly taken by Defendants against third parties [that] do not mention any acts taken with regard to Plaintiff").

5

not at issue in this case, no response should be required of Midland.[2] To the extent this paragraph contains any material allegation against Midland, each such allegation is denied. Midland further denies that MCM was a party to the underlying collection lawsuit.

25. Denied.

## COUNT ONE
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

26. Midland incorporates by reference its answers to all of the foregoing paragraphs as if fully stated herein.

27-29. Denied.

## COUNT TWO
## NEGLIGENCE

30. Midland incorporates by reference its answers to all of the foregoing paragraphs as if fully stated herein.

31-32. Denied as stated.

33-34. Denied.

---

[2] *See Simmons*, 2013 WL 1898171 at *1.

## COUNT THREE
## RECKLESSNESS AND WANTONNESS
## AGAINST THE DEFENDANTS

35. Midland incorporates by reference its answers to all of the foregoing paragraphs as if fully stated herein.

36-37. Denied as stated.

38-39. Denied.

## COUNT FOUR
## MALICIOUS PROSECUTION

40. Midland incorporates by reference its answers to all of the foregoing paragraphs as if fully stated herein.

41. Admitted.

42-43. Denied.

44. Denied as stated.

45. Denied.

## COUNT FIVE
## ABUSE OF PROCESS

46. Midland incorporates by reference its answers to all of the foregoing paragraphs as if fully stated herein.

47-48. Denied as stated.

49-51. Denied.

52. Denied as stated.

7

53. Denied.

54. To the extent paragraph 54 contains generalized allegations about purported debt collection practices and/or unnamed third parties who are not at issue in this case, no response should be required of Midland.[3] To the extent this paragraph contains any material allegation against Midland, each such allegation is denied.

## DAMAGES

Midland denies that Plaintiff is entitled to any of the relief requested, or any relief whatsoever, from Midland.

**UNLESS EXPRESSLY ADMITTED IN ONE OF THE FOREGOING PARAGRAPHS, ALL MATERIAL ALLEGATIONS OF PLAINTIFF'S COMPLAINT, INCLUDING ANY CONTAINED IN ANY UNNUMBERED PARAGRAPH, ARE DENIED.**

**MIDLAND REITERATES THAT IT DENIES THAT PLAINTIFF IS ENTITLED TO ANY OF THE RELIEF REQUESTED, OR ANY RELIEF WHATSOEVER, FROM MIDLAND.**

## DEFENSES

1. Plaintiff's complaint, in whole or in part, fails to state a claim upon which relief may be granted.

2. To the extent Count One is based upon allegations of implied misrepresentations, including but not limited to Plaintiff's allegation that Midland

---

[3] *See Simmons*, 2013 WL 1898171 at *1.

filed the underlying collection lawsuit against Plaintiff without the intent to prove its collection case at trial, said count fails to state a claim upon which relief may be granted. Implied misrepresentations cannot provide a legal basis for any of Plaintiff's claims.

3. To the extent Plaintiff's claims are subject to binding, mandatory arbitration, Midland does not waive and, in fact, expressly reserves the right to compel arbitration prior to substantially invoking the litigation process.

4. Plaintiff lacks standing to bring claims based upon acts allegedly taken with respect to anyone other than Plaintiff. Although Plaintiff's complaint includes generalized allegations relating to unnamed third parties who are not at issue in this lawsuit,[4] Plaintiff may not assert claims based on alleged acts taken with respect to anyone other than Plaintiff.

5. To the extent any of Plaintiff's counts is based on the filing and/or maintaining of the underlying garnishment proceeding against Plaintiff, each such count fails to state a claim upon which relief can be granted; there is no cause of action under Alabama law for the negligent, wanton, or reckless filing and/or maintaining of a garnishment proceeding.

6. Any recovery is barred, or must be reduced, based on the principles of payment, accord and satisfaction, ratification, consent, acquiescence, and/or

---

[4] *See, e.g.*, Doc. 1 at ¶¶ 23, 24, 54.

estoppel, as a result of, among other reasons, Plaintiff's failure to dispute the underlying debt at any time prior to Midland's receipt of Plaintiff's filed answer in the underlying collection lawsuit.

7. Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff or resulted from Plaintiff's own inattention, which equaled or exceeded any alleged wrongdoing by Midland.

8. Any alleged damages sustained by Plaintiff were, at least in part, caused by (and/or resulted from) the actions and/or omissions of others.

9. Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

10. In response to Count One, Midland pleads that any alleged violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

11. To the extent Counts Two through Five seek damages relating to alleged conduct that occurred prior to September 30, 2017, such claims are barred by the applicable statutes of limitations.

12. To the extent Count One seeks damages relating to alleged conduct that occurred prior to September 30, 2018, such claim is barred by the applicable statutes of limitations.

13. Midland pleads the defense of Plaintiff's contributory negligence.

14. Midland pleads the defense of qualified and/or absolute privilege.

15. Midland asserts any and all defenses afforded to it by Alabama's litigation privilege.

16. Midland reserves the right to assert additional affirmative defenses to any extent warranted by discovery and/or the factual developments in this case.

/s/ Thomas R. DeBray, Jr.
One of the Attorneys for Defendants,
Midland Funding, LLC and
Midland Credit Management, Inc.

**OF COUNSEL:**

Jason B. Tompkins
Thomas R. DeBray, Jr.
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone: (205) 251-8100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed this 30th day of October, 2019, via CM/ECF, which will electronically notify the following counsel of record:

W. Whitney Seals
COCHRUN & SEALS, LLC
Post Office Box 10448
Birmingham, Alabama 35202-0448
Telephone: (205) 323-3900

/s/ Thomas R. DeBray, Jr.
Of Counsel

7690653.1