# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Colby Hooper,** )<br>  )<br> **Plaintiff,** )<br>  )<br>**v.** )<br>  )<br>**Midland Funding, LLC; Midland** )<br>**Credit Management, Inc.,** )<br>  )<br> **Defendants.** ) | **CASE NO.:**<br>**2:19-cv-01601-JEO** |

## REPORT OF THE PARTIES' PLANNING MEETING

1. Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, the parties held a planning meeting by telephone on December 6, 2019. The participating counsel were as follows:

John C. Hubbard for Plaintiff Colby Hooper; and

Thomas R. DeBray, Jr. for Defendants Midland Funding, LLC and Midland Credit Management, Inc.

  (a) **Plaintiff's brief narrative statement of the facts and the causes of action:**

Plaintiff alleges that the Defendants negligently or willfully failed to comply with the provisions of Fair Debt Collection Practices Act (the "FDCPA") and state law by claiming a debt and bringing a collection action against Plaintiff on a debt he did not lawfully owe. Plaintiff alleges Defendants' business model is to bring collection actions against consumers without the proper means to prove the claims or ever

intending to prove the claims in an effect to coerce settlement or obtain a default judgment. Finally, Plaintiff alleges that Defendants improperly filed and pursued a default judgment and subsequent garnishment against Plaintiff without properly serving Plaintiff with the complaint.

(b) **Defendants' brief narrative statement of the facts and defenses:**

Plaintiff's claims, which are based on Defendants' alleged conduct in connection with an underlying collection action filed against Plaintiff to recover a certain debt, fail because the underlying collection action was filed and maintained in good faith, and Defendants otherwise used only lawful and reasonable means in the efforts to collect on the outstanding account owed by Plaintiff to Defendant Midland Funding, LLC. Defendants were at all times acting in good faith, and Defendants' actions did not violate the FDCPA or state law.

2. **Pre-Discovery Disclosures.** Defendants provided the information required by Federal Rule of Civil Procedure 26(a) to Plaintiff's counsel on **November 27, 2019**. Plaintiff provided the information required by Federal Rule of Civil Procedure 26(a) to Defendants' counsel on **December 4, 2019**.

3. **Discovery Plan and Timeline.** The parties jointly propose to the Court the following discovery plan and timeline:[1]

(a) <u>Discovery Plan</u>. Discovery will be sought on the following issues:

(i) Plaintiff's claims and Defendants' defenses.

---

[1] The parties agree, to the extent possible, that service of discovery can be perfected by email (and where the same does not have to be followed by duplicative service through regular U.S. mail). Further, service of pleadings and other court filings will be perfected upon filing of the same with the court's CM-ECF system with no party requiring service by U.S. mail. Moreover, all documents exchanged in this case will be done so in .pdf format when practicable.

    (ii)    Plaintiff's alleged damages.

    (iii)    Any expert testimony identified by any party.

    (iv)    Plaintiff will seek discovery including but not limited to the following subjects: all facts alleged in the Complaint and any subsequently filed Amended Complaint, including but not limited to the Defendant's activities, and the Defendant's policies and procedures.

    (v)    Defendants will seek discovery relating to the subjects relevant to the lawsuit, including but not necessarily limited to: the facts alleged in Plaintiff's complaint (or any amendment thereto); the underlying debt at issue; the underlying collection action at issue; any allegation of Plaintiff that he did not owe the underlying debt; any allegation of Plaintiff that Defendant Midland Funding, LLC did not own that debt; Plaintiff's contentions regarding each and every subsection of the FDCPA that Plaintiff alleges Defendants violated; Plaintiff's contentions regarding each and every state law claim asserted by him against Defendants; Plaintiff's purchases and payments history regarding the underlying debt; Plaintiff's bank account statements and like documentation, Plaintiff's medical/mental health history; all communications and correspondence involving Plaintiff and any other person or entity about the underlying debt and/or the underlying collection lawsuit; and any other lawsuits involving Plaintiff, whether civil, criminal, or bankruptcy.

    (vi)    The parties jointly request that the Court enter its standard HIPAA protective order in connection with this action.

    (vii)    If and when warranted, the parties may seek the entry of a mutually agreeable protective order governing and otherwise applicable to the disclosure of a party's confidential, proprietary, and/or otherwise sensitive information.

(b) <u>Discovery Timeline</u>. The parties jointly propose to the Court the following discovery timeline:

(i) All discovery shall be commenced in time to be completed by **June 26, 2020**.

(ii) A maximum of thirty (30) interrogatories by Plaintiff to Defendants, and a maximum of thirty (30) interrogatories by Defendants to Plaintiff. (Responses due 30 days after service.)[2]

(iii) A maximum of thirty (30) requests for production by Plaintiff to Defendants, and a maximum of thirty (30) requests for production by Defendants to Plaintiff. (Responses due 30 days after service.)

(iv) A maximum of thirty (30) requests for admission by Plaintiff to Defendants, and a maximum of thirty (30) requests for admission by Defendants to Plaintiff. (Responses due 30 days after service.)

(v) The maximum number of depositions (whether on oral examination or written questions) that may be taken by Plaintiff or by Defendants is ten (10).

(vi) Reports from retained experts under Rule 26(a)(2) shall be due:

(1) From the Plaintiff by **April 30, 2020**; and

(2) From the Defendants by **May 28, 2020**.

---

[2] To clarify, this means that Plaintiff may serve no more than 30 total interrogatories in this action, whether directed to Defendants separately or together. In other words, Plaintiff may not serve 30 interrogatories to Midland Credit Management, Inc. and then serve 30 additional interrogatories to Midland Funding, LLC. Likewise, Defendants may serve no more than 30 total interrogatories in this action. In other words, Midland Credit Management, Inc. may not serve 30 interrogatories to Plaintiff, and then Midland Funding, LLC serve 30 additional interrogatories to Plaintiff. Each side is limited to 30 total interrogatory requests to the other side, and this limitation applies likewise to the maximum numbers of requests for production (30) and requests for admission (30) allowed.

      (vii) Supplementations under Rule 26(e) shall be due as required pursuant to Federal Rule of Civil Procedure 26.

      (viii) Disclosure of discovery of electronically stored information (ESI) should be handled as follows:

          (1) The production of ESI should be done in .pdf format when practicable.

          (2) If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed which will enable other parties to assess the applicability of the privilege or protection.

          (3) All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject to a claim of privilege or of protection as trial-preparation material.

4. **Other Items.**

   (a) The parties do not request a conference with the court before entry of the scheduling order.

   (b) The parties request a pre-trial conference in **December of 2020**.

   (c) Plaintiff should be allowed **March 23, 2020** to join additional parties and amend the pleadings.

   (d) Defendants should be allowed until **April 24, 2020** to join additional parties and amend the pleadings.

   (e) All potentially dispositive motions should be filed by **August 14, 2020**.

   (f) Settlement of the case may be possible, but at this time alternative dispute resolution procedures do not appear to be necessary. If any of the parties believe the use of alternative

       dispute resolution procedures may be beneficial in resolving this case, the parties, individually or jointly, will so advise the court.

(g)    Witness and Exhibit lists under Rule 26(a)(3) shall be due **30 days** prior to trial. The parties will have **14 days** after receipt of Witness and Exhibit Lists to list objections under Rule 26(a)(3).

(h)    The case should be ready for trial by **December 14, 2020** and should take approximately three (3) to five (5) days to try.

(i)    The parties agree that pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat/Nuance PDF (.pdf). If an error or delayed delivery message is received by the sending party, said party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

Dated this the 6th day of December, 2019:

| | |
|---|---|
| */s/ John C. Hubbard* | */s/ Thomas R. DeBray, Jr.* |
| John C. Hubbard | Jason B. Tompkins |
| JOHN C. HUBBARD, LLC | Thomas R. DeBray, Jr. |
| P.O. Box 953 | BALCH & BINGHAM LLP |
| Birmingham, Alabama 35201 | P.O. Box 306 |
| Telephone: (205) 378-8121 | Birmingham, Alabama 35201-0306 |
| Email: jch@jchubbardlaw.com | Telephone: (205) 251-8100 |
| | Email: jtompkins@balch.com |
| Whitney W. Seals | Email: tdebray@balch.com |
| COCHRUN & SEALS, LLC | |
| P.O. Box 10448 | *Attorneys for Defendants* |
| Birmingham, Alabama 35202-0448 | |
| Telephone: (205) 323-3900 | |
| Email: whitney@cochrunseals.com | |

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed this the 6th day of December, 2019, via CM/ECF, which will electronically notify the following counsel of record:

John C. Hubbard
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, Alabama 35201
Email: jch@jchubbardlaw.com

Whitney W. Seals
COCHRUN & SEALS, LLC
P.O. Box 10448
Birmingham, Alabama 35202-0448
Telephone: (205) 323-3900
Email: whitney@cochrunseals.com

                                                          */s/ Thomas R. DeBray, Jr.*
                                                          Of Counsel