FILED
2020 Sep-03 PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLBY HOOPER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| v. | ) | **2:19-cv-01601-HNJ** |
| | ) | |
| **MIDLAND FUNDING, LLC,** | ) | **OPPOSED** |
| **ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

**PLAINTIFF'S RESPONSE TO TO DEFENDANTS' SUR-REPLY TO MOTION TO EXCLUDE TESTIMONY AND REPORT OF STEVEN G. DREXLER, D-ABFDE**

In its Sur-Reply (Doc. 26), Midland takes umbrage at Plaintiff's alleged "about face" from a position allegedly taken by Colby Hooper in a Small Claims Court case regarding the burden of proving service and accuses Plaintiff of potentially making a "mockery of the judicial system."[1]

Admittedly, counsel for the Plaintiff, when drafting the original Motion to Exclude (Doc. 18) did not consider any potential argument from Midland regarding burden shifting. Upon receipt of Midland's Response in Opposition to Plaintiff's Motion to Exclude (Doc. 20), Plaintiff's counsel researched the issue of

---

[1] *See* Doc. 26 at p. 6

burden shifting raised by Midland. Based upon the fruits of that research which demonstrate that Mr. Hooper bore a burden to disprove service, Plaintiff filed the Reply to Midland's Response in Opposition to Plaintiff's Motion to Exclude (Doc. 21).

Admittedly, in the Small Claims court case, Mr. Hooper argued that the burden should be on Midland. In response, Midland could have produced evidence at the *ore tenus* hearing or could have appealed the decision of the Small Claims Court regarding service. Instead, Midland did *nothing*. Midland consented to and accepted the judgment of the Small Claims court that Mr. Hooper was not served. Only now, when Midland is facing this Court and is facing higher stakes, it chooses to make an issue of the Small Claims Court's decision.

Midland lost its lawsuit against Mr. Hooper. By attempting to prove that Mr. Hooper was actually served in the underlying Small Claims Court case, Midland is trying to get this Court to hold or rather, to permit a jury to find, that the Small Claims Court's decision to set aside the default judgment and hold that Mr. Hooper was not served with the Small Claims lawsuit and as such his FDCPA claims are without merit. This invitation to re-examine the underlying state court judgment appears to implicate the Rooker-Feldman Doctrine and appears to be an attempt to use this Court as an appellate court for a state court decision Midland lost and has decided it doesn't like.

As the 11th Circuit held in *Carr v. U.S. Bank*:

> "The Rooker-Feldman doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018). The purpose of the doctrine is "to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court." *Id*.
>
> Under the Rooker-Feldman doctrine, a federal court is barred from adjudicating a claim that was "either (1) one actually adjudicated by a state court or (2) one inextricably intertwined with a state court judgment." *Id*. at 1286 (internal quotation marks omitted). A claim is inextricably intertwined "if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." Id. (internal quotation marks omitted). "A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments." *May v. Morgan Cty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (alterations adopted) (internal quotation marks omitted).

*Carr v. U.S. Bank*, 793 F. App'x 971, 973-74 (11th Cir. 2019).

In this case, certain of Plaintiff's FDCPA claims are based upon the default judgment entered in favor of Midland based upon Midland's representation to the Small Claims court that it served Mr. Hooper. The Small Claims Court found otherwise and actually adjudicated that issue and ultimately found against Midland in that Small Claims court lawsuit. Further, should this Court allow Midland's handwriting expert to testify and should a jury determine based upon that testimony that Mr. Hooper was indeed served with the Small Claims Court

lawsuit, then this Court will have effectively found that the Small Claims Court wrongly decided the issue of service and will nullify the decision of that court. This sort of review and potentially nullification of state court decisions is what the Rooker-Feldman Doctrine is intended to prevent.

Mr. Hooper was not served with the Small Claims Court lawsuit.  That issue was litigated and decided in the Small Claims Court of Jefferson County, Alabama.  Allowing Midland to offer expert testimony in an effort to prove that Mr. Hooper was in fact served with the Small Claims Court complaint is extending an impermissible invitation to the ultimate fact finder to decide that the Small Claims Court wrongly decided that Mr. Hooper was not served.

For the reasons stated above, Plaintiff respectfully requests this Honorable Court to grant his Motion to Exclude.

                               RESPECTFULLY SUBMITTED,

                               /s/ *W. WHITNEY SEALS*
                               W. WHITNEY SEALS,
                               Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## CERTIFICATE OF SERVICE

      I hereby certify that on September 3, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Jason Tompkins, Esq.
Thomas DeBray, Jr., Esq.
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following non-CM/ECF users:

NONE.

                                            /s/ *W. WHITNEY SEALS*
                                           OF COUNSEL