UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLBY HOOPER,** | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | 2:19-cv-01601-HNJ |
| | ) | |
| **MIDLAND FUNDING, LLC,** | ) | **OPPOSED** |
| **ET AL.,** | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT,
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Colby Hooper ("Plaintiff"), pursuant to *Fed. R. Civ. P.* 56(a), moves this Court to enter partial summary judgment against the Defendants Midland Funding, LLC and Midland Credit Management, Inc. (referred to herein collectively as "Midland"), and in favor of Plaintiff, on the issue of Defendants' liability (under 15 U.S.C. § 1692e(10)) for Midland's false, deceptive and misleading representation that Plaintiff was served with a Complaint filed by Midland in the Small Claims Court of Jefferson County, Alabama, in violation of the Fair Debt Collection Practices Act ("FDCPA"). Midland falsely represented to the Small Claims Court of Jefferson County, Alabama that Plaintiff was served with a Complaint and obtained a default

judgment against the Plaintiff which caused him harm, entitling Plaintiff to statutory damages, actual damages and other relief under FDCPA.

## INTRODUCTION

Under FDCPA (15 U.S.C. § 1692e(10)), a debt collector like Defendants, is prohibited from "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Midland sued Colby Hooper in Small Claims Court in Jefferson County in an effort to collect a debt. After hiring a private process server to go and serve the lawsuit on Mr. Hooper, a proof of service was filed with the Small Claims Court that purported to have Mr. Hooper's signature on it. Based upon that proof of service, a default judgment was entered in the Small Claims Court case in favor of Midland. Midland ultimately garnished the Plaintiff's wages after the default judgment was entered in its favor.

Plaintiff first learned that Midland sued him when his wages were garnished. He moved the Small Claims Court to set aside the default judgment on the grounds that he was not ever served with the Small Claims lawsuit filed by Midland. The Small Claims Court, after an *ore tenus* hearing that counsel for Midland and for Mr. Hooper attended, concluded that Mr. Hooper was not served and set the default aside and quashed the garnishment. Mr. Hooper was harmed by the garnishment which was

based upon a false proof of service filed by Midland.

This is a simple case. Midland is prohibited specifically from making any false, deceptive or misleading representations in and about Midland's debt collection efforts. Midland falsely represented that Mr. Hooper was served with a Small Claims lawsuit and then, after obtaining a default judgment based only upon that false return of service, garnished Mr. Hooper's wages. A court, by setting aside the default, implicitly found that Mr. Hooper had not been served despite Midland's representations that he had been served. The only issue remaining open is the amount of damages to be determined by a jury.

### STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Midland Funding, LLC filed a lawsuit against Mr. Hooper on May 10, 2017 in the Small Claims Court of Jefferson County, Alabama seeking to collect a debt. (Deposition of Colby Hooper, attached hereto as "Exhibit A," pp. 72: 23 – 73: 1-9 *accord* Exhibit 22 to Colby Hooper's deposition).

2. Midland filed a return of service that purported to be proof that Mr. Hooper was served with the Small Claims lawsuit. [Doc. 18-2].

3. After no Answer was filed, Midland moved the Small Claims Court for an entry of default judgment against Colby Hooper and in that pleading represented that Colby Hooper was served with the summons and complaint in the Small Claims

case. (Exhibit A, pp. 78: 22-23 – 79: 1-10, *accord* Exhibit 24 to Deposition of Colby Hooper).

4. On July 3, 2017, the Small Claims Court entered a default judgment in favor of Midland and against Colby Hooper. (Exhibit 25 to Deposition of Colby Hooper).

5. Following the default judgment, Midland garnished Plaintiff's wages. (Exhibit A, p. 106: 1-4).

6. On April 18, 2019, Plaintiff moved the Small Claims Court to set aside the default judgment solely on the grounds that he was not served with the summons and complaint and also to quash the garnishment. [Doc. 18-3].

7. After a hearing involving all parties, the Small Claims Court entered an Order setting aside the default judgment. [Doc. 18-6].

## ARGUMENT

**I. Midland's representation to the Small Claims Court that Plaintiff was served with the summons and complaint in the Small Claims case was false, misleading and deceptive in violation of 15 U.S.C. § 1692e(10).**

Defendants sued Colby Hooper. Defendants represented to the Small Claims Court of Jefferson County, Alabama that Colby Hooper was served with the summons and complaint and filed a notice of service to that effect. [Doc. 18-2]. Mr. Hooper claimed that he was not served. [Doc. 18-3]. After his wages were

garnished and Plaintiff learned he had been sued, Plaintiff filed a motion asking that Court to set the default aside [Doc. 18-3].  Midland responded in opposition to that motion [Doc. 18-4].  Colby Hooper then filed a reply to Midland's response [Doc. 18-5].

The Small Claims Court held a hearing on Plaintiff's Motion to Set Aside the Default Judgment. [Doc. 18-6].  Present at that hearing were Colby Hooper along with counsel for the parties.  [Doc. 18-6].  After the hearing, the Small Claims Court set aside the default judgment. [Doc. 18-6].  The only argument advanced by Colby Hooper in support of setting aside the default *was that he was not served with the complaint* [Doc. 18-3].

The Small Claims Court, by ordering that the default judgment be set aside, obviously agreed with Mr. Hooper's lone argument in support of setting aside the default judgment and held that he was never served with the summons and complaint.  Midland did not appeal or challenge the Small Claims Court's Order setting aside the default judgment and, as such, accepted the Court's holding.

Despite Midland's recent belated attempts to attempt to manufacture a question of fact with regard to whether or not Mr. Hooper was served through its attempt to use a handwriting expert[1], the only direct evidence before this Court is

---

[1] Pending before this Honorable Court are Plaintiff's Motion to Exclude Defendants' Expert along with the Defendants' Responses, and Plaintiff's Replies. [Docs. 18, 20, 21, 26 & 27].

Mr. Hooper's clear and unambiguous testimony that he was not ever served with the summons and complaint in the Small Claims Court case. (Exhibit A, pp. 74: 19-23 – 75: 1-10; 76: 16-19; 104: 4-17; 105: 7-12; 144: 1; 145: 8-15; 147: 20-22 – 148: 1-2). There is no testimony before this Court that Plaintiff was served with the summons and complaint in the Small Claims Court case.

The Defendants misrepresented to the Small Claims Court that Mr. Hooper was served with the summons and complaint in the Small Claims Court case. That misrepresentation violates 15 U.S.C. § 1692e(10). Other District Courts when evaluating cases involving false representations that consumers have been served in state court debt collection actions have held that those misrepresentations support a § 1692e(10) claim. "'[S]ewer service practice[2], followed by obtaining a default judgment, falls squarely within the actions prohibited' by section 1692e." *Guzman v. Mel S. Harris & Assocs., LLC*, 2018 U.S. Dist. LEXIS 49622, at *23 (S.D.N.Y. Mar. 22, 2018) (quoting *Polanco v. NCO Portfolio Mgmt.*, 132 F. Supp. 3d 567, 576 (S.D.N.Y. 2015).[3]

---

Plaintiff notes these filings only to state that he does not withdraw or abandon any of the arguments made by Plaintiff in those filings.

[2] "Sewer service" is the practice of failing to serve a summons and complaint and then fraudulently filing a proof of service with a Court.

[3] See also, *Rendon v. HBLC, Inc.,* No. 17 CV 2386, 2017 U.S. Dist. LEXIS 216514 (N.D. Ill. Oct. 25, 2017).

"The FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (citing 15 U.S.C. § 1692k; *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)).  As such, if Mr. Hooper has proven that he was not served with the summons and complaint, he is entitled to judgment in his favor on his FDCPA claim under 1692e.  In this case we have an Order from the Small Claims Court setting the default judgment aside with the only basis to do so being Mr. Hooper's contention that he was never served.  Given this evidence, it is not reasonably in dispute that Defendants misrepresented to the Small Claims Court that Mr. Hooper was served when they filed the proof of service.  To entertain argument or evidence that Mr. Hooper was in fact served with the Small Claims summons and complaint despite the Small Clamis Court Order finding otherwise would impermissibly allow this Court to act as an appeals court for the Small Claims court case involving these parties which is prohibited pursuant to the Rooker-Feldman Doctrine.

It is anticipated that Defendants may attempt to evade liability and blame the law firm they hired to sue Mr. Hooper and claim that the law firm was responsible for the process server and for filing the proof of service.  However, as a general matter, the Supreme Court has made clear that "clients must be held accountable

for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)(quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). As in *Link*, Defendants here "voluntarily chose this attorney as [their] representative in the action, and [they] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" 370 U.S. at 633-34 (internal citation omitted).

It is not reasonably or creditably in dispute that, just as the Small Claims Court held, Mr. Hooper was not served with the summons and complaint in the Small Claims Court case. Despite not serving Mr. Hooper, Midland misrepresented to the Small Claims Court that he was served which resulted in a default judgment being entered against Mr. Hooper and the garnishment of his wages which caused him harm.

## **CONCLUSION**

In this case there is no genuine issue of fact with regard to whether or not Mr. Hooper was served with the summons and complaint. As such, Mr. Hooper is

due to be granted partial summary judgment with regard to his FDCPA claim under 1692e leaving the issue of damages to be determined by a jury.

**Respectfully Submitted on December 14, 2020.**

                                      /s/ *W. Whitney Seals*
                                      W. WHITNEY SEALS,
                                      Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@cochrunseals.com

## CERTIFICATE OF SERVICE

      I hereby certify that on December 14, 2020, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

    Jason Tompkins, Esq.
    Thomas DeBray, Jr., Esq.
    Balch & Bingham, LLP
    P.O. Box 306
    Birmingham, AL 35201-0306

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following non-CM/ECF users:

NONE.

                                                  /s/ *W. Whitney Seals*
                                                  OF COUNSEL