# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **Colby Hooper,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO.: |
| | ) 2:19-cv-01601-HNJ |
| | ) |
| **Midland Funding, LLC;** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The legislative history of the [Fair Debt Collection Practices Act (the "FDCPA")] reveals that the legislation was enacted against the "widespread and serious national problem" of "debt collection abuse by third party collectors." 1977 U.S.C.C.A.N. 1695, 1696, S. Rep. 95-382. Collection abuse was justifiably recognized as taking "many forms, including obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process." *Id.*

*Spira v. Ashwood Fin., Inc.*, 371 F.Supp. 2d 232, 238 (E.D.N.Y. 2005). "Plaintiff [Colby Hooper's ("Hooper")] allegations in this case bear no remote connection to the abuse which the FDCPA sought to prevent." *Id.* Instead, the entirety of Hooper's lawsuit is based on two equally unavailing theories of alleged liability—*i.e.*, that Defendants Midland Funding LLC and Midland Credit Management, Inc. (collectively, "Midland") supposedly violated the FDCPA and state law by: 1) filing

the underlying state small claims court debt collection lawsuit against Hooper without intending or attempting to prove its collection claims at trial; and 2) obtaining a default judgment and garnishing Hooper's wages (in the underlying collection lawsuit), even though Hooper allegedly was not served with the collection lawsuit.

As discussed at length in Midland's accompanying brief in support, both the record evidence and the law demonstrate that Midland is entitled to summary judgment on all of Hooper's claims.  Indeed, not only does Hooper's own deposition testimony contradict each of this two alleged theories of liability, but the relevant case law also is fatal to both of his asserted theories of liability.  *See, e.g.*, *Hooper v. Midland Funding, LLC*, No. 2:14-cv-02008-AKK, 2017 WL 394839, *4 (N.D. Ala. Jan. 30, 2017); *St. John v. Cach, LLC*, 822 F.3d 388, 391 (7th Cir. 2016); *Rodrigo v. Barclays Bank Delaware*, No. 16-cv-808-JAH (JMA), 2017 WL 1155373, *7 (S.D. Cal. Mar. 27, 2017).

Moreover, the dispositive question is whether, at the time of filing the underlying complaint, motion for default judgment, and garnishment proceeding, Midland had a good faith basis for doing so[1]—and the record evidence undisputedly answers this question in the affirmative.  Simply put, to rule against Midland here

---

[1] *See, e.g.*, *Hooper*, 2017 WL 394839 at *4; *Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, *10 (N.D. Ill. Feb. 18, 2009).

would run afoul of the FDCPA's "apparent objective of preserving creditors' judicial remedies." *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (recognizing that an unsuccessful collection action did not violate the FDCPA).

Accordingly, based on the undisputed material facts and authorities set forth in the brief filed in support of this motion, and pursuant to Federal Rule of Civil Procedure 56, Midland respectfully requests this Court enter summary judgment in favor of Defendants on all claims.

Date: December 14, 2020

                                           */s/ Thomas R. DeBray, Jr.*
                                           One of the Attorneys for Defendants

**OF COUNSEL:**

Jason B. Tompkins
Thomas R. DeBray, Jr.
Balch & Bingham LLP
Post Office Box 306
Birmingham, Alabama 35201-0306

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing and attached have been filed on this the 14th day of December, 2020, via CM/ECF, which will electronically notify the following counsel of record:

John C. Hubbard
JOHN C. HUBBARD, LLC
Post Office Box 953
Birmingham, Alabama 35201


W. Whitney Seals
COCHURN & SEALS, LLC
Post Office Box 10448
Birmingham, Alabama 35202-0448

          */s/ Thomas R. DeBray, Jr.*
          Of Counsel