FILED

2021 Jan-14  PM 04:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **COLBY HOOPER,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **2:19-cv-01601-HNJ** |
| | ) | |
| **MIDLAND FUNDING, LLC,** | ) | |
| **ET AL.,** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT MIDLAND FUNDING LLC'S AND DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.'S MOTION FOR SUMMARY JUDGMENT

---

**COMES NOW**, the Plaintiff Colby Hooper, (hereinafter "Plaintiff") and responds in opposition to the Motion to Summary Judgment [Doc. 34] filed by Defendant Midland Funding LLC and Defendant Midland Credit Management, Inc. (collectively "Midland" or "Defendants") as follows:

### PARTIAL DISMISSAL OF CLAIMS

Plaintiff, in his lawsuit against Defendants initially brought two (2) claims under the Fair Debt Collection Practices Act ("FDCPA") as

1

well as claims under Alabama state law. The first FDCPA claim was that Defendants filed and pursued the underlying state court debt collection lawsuit against Mr. Hooper without intending or attempting to prove its claims against him. The second FDCPA claim was that Midland used and filed a false service affidavit with the court in the underlying state court action which misrepresented to the Court that Mr. Hooper had been served with the lawsuit when in fact he had not been served. Defendants used this false affidavit to obtain a default judgment against Colby Hooper which caused him harm. The state court set aside that default judgment establishing as a matter of law that Mr. Hooper had not been served with the state court lawsuit.

In his deposition, Colby Hooper's testimony regarding damages all related or referred to damages he suffered from the wrongful garnishment of his wages that was a direct result of the false affidavit of service filed by Defendants. The damages that Plaintiff testified about include his pecuniary loss and the mental and physical harm he suffered due to the wrongful garnishment. Because Mr. Hooper's testimony attributes his damages to the wrongful garnishment that was issued because Defendants filed a false service affidavit, Plaintiff voluntarily concedes to the dismissal of his "intent to prove" FDCPA

2

claim and the state law claims he alleged in the Complaint.  Part "I" and Part "III" of Defendants' Motion relate to the voluntarily dismissed claims.

The only claim that Plaintiff continues to pursue, based upon his deposition testimony, is his FDCPA claim (under 15 U.S.C. 1692e(10))[1] for Midland's false, deceptive and misleading representation that Plaintiff was served with a Complaint filed by Midland in the Small Claims Court of Jefferson County, Alabama, in violation of the Fair Debt Collection Practices Act (FDCPA). This relates to Part "II" of Midland's Motion.  Plaintiff will only respond to this section since it relates to the only remaining claim pursued by the Plaintiff.

**INTRODUCTION**

Plaintiff's remaining claim arises out of the false service return filed by Midland in the debt collection lawsuit Midland filed against Plaintiff.  After filing the debt collection lawsuit, Midland claims Plaintiff was served with the lawsuit by a third-party process server. Plaintiff's sworn testimony is that he was never served.

---

[1] Pending before this Court is Plaintiff's Partial Motion for Summary Judgment [Doc. 33] which asks this Court to enter summary judgment in favor of the Plaintiff on this claim.

After Midland filed the affidavit falsely claiming service, it obtained a default judgment and garnished Plaintiff's wages. Only after the garnishment did Plaintiff then learn of the debt collection lawsuit. Plaintiff, through counsel, moved the state court to have the default judgment set aside on the grounds that he was never served with the lawsuit. The Small Claims Court, after an *ore tenus* hearing that counsel for Midland and counsel for Mr. Hooper attended, concluded that Mr. Hooper was not served and set the default aside and quashed the garnishment. Later on, a trial was held and the court entered judgment in favor of Plaintiff and against Midland.

Plaintiff's FDCPA claim is straightforward. Midland sued Colby Hooper in an effort to collect a debt allegedly owed by him. This conduct is regulated by FDCPA. The FDCPA prohibits a debt collector, like Midland, from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (15 U.S.C. 1692e(10)). Midland falsely represented that Mr. Hooper was served with a Small Claims lawsuit and then, after obtaining a default judgment based only upon that false return of service, garnished Mr. Hooper's wages. The state court, by entering an Order setting aside the default, implicitly found ***as a matter of law***

that Mr. Hooper had not been served with the lawsuit despite Midland's representations that he had been served. As such, there are essentially two options before the Court with regard to the Plaintiff's 1692e(10) claim that Midland falsely represented that he had been served with the state court lawsuit. Those options are as follows:

1.      This Court holds that the state court's Order setting aside the default on the grounds that Plaintiff was never served collaterally estops Midland from arguing otherwise and also may not be disturbed or undone because of the Rooker-Feldman Doctrine. As such, it has been established as a matter of law that the Plaintiff was not served with the lawsuit and Defendant filed a false notice of service[2]; or

2.      Should the Court choose not to find that Midland is collaterally estopped from arguing that Mr. Hooper was served or chooses not to apply the Rooker-Feldman Doctrine to the state court's Order setting aside the default, then whether or not Plaintiff was served with the

---

[2] Such a finding likely would necessitate granting the Plaintiff's Motion for Partial Summary Judgment [Doc. 33].

5

underlying state court lawsuit is a pure question of fact
which must be determined by a jury.

Regardless of the two options this Court chooses, summary
judgment in favor of the Defendants on the 1692e(10) claim is due to
be denied.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' STATEMENT OF FACTS

Unfortunately, many of the facts presented by Defendants in their
Motion for Summary Judgment appear to be an attempt to re-litigate
the debt collection case that Midland previously lost in state court.
Plaintiff disputes many of Midland's statements and has state court
Orders entered in Plaintiff's favor that support his disputes.  However,
many of these statements are not relevant to Plaintiff's 1692e(10)
claim regarding the false service affidavit.  As such, in an effort to
promote judicial economy and to focus squarely on the claim pending
before the Court, Plaintiff will only respond to the statements that are
related to the false service affidavit FDCPA claim:

1.  "VanSlam personally served the court summons and Midland
Funding's complaint upon Hooper: Ex. 6, Ervin A. VanSlambrouck
Aff., Attach. 1 (Dec. 8, 2020); see Ex. 7, Hannah VanSlambrouck

6

Aff., ¶¶ 3-5 (Dec. 7, 2020); id. at Attach. 1.17 In doing so, not only did Mrs. VanSlambrouck sign the Service Return form, but she also had Hooper sign for his receipt of service: Ex. 7, Hannah VanSlambrouck Aff. at Attach. 1; see id. at ¶¶ 3-5." (images omitted)

**Response:**

This is the core dispute in the case.  Plaintiff, in his deposition, repeatedly disputed ever being served with the state court lawsuit by the process server and testified that would have remembered if there was service due to his experiences involving the litigation with his earlier divorce.  [Doc. 36-1, pp. 74:19-75:10; 76:10-77:4; 80:18-81:1].


2.  "VanSlam personally served the process of garnishment on Hooper on April 27, 2019—that service was made upon Hooper at the same address where he previously was served with the summons and complaint, and the garnishment return of service form again bore Hooper's signature and cell phone number. See Ex. 6, Ervin A. VanSlambrouck Aff. at Attach. 3;22 Ex. 9."

**Response**:

Plaintiff did not recall being served with process of garnishment. [Doc. 36-1 p. 93:2-16].

7

3.      "Hooper further admitted that he does not believe that

Midland should have known that he (allegedly) was not served with

Midland Funding's lawsuit:

> Q:      Okay. Do you believe that they should have known
>
> that you didn't actually—that that is not actually your signature,
>
> that you didn't actually get served.
>
> [Hooper's counsel]: Object to the form.[3]
>
> A:      Do I believe they should have known?
>
> Q:      Yes.
>
> A:      No.

**Response:**

This is incomplete.  Mr. Hooper testified just before this testimony

that he does not know what Defendants knew or did not know.  [Doc.

36-1, p. 78:1-10].  And, honestly, how could he know what

Defendants "knew?"

## STANDARD OF REVIEW

---

[3] Plaintiff's counsel's objections were that this was an improper compound question and further that this strayed into an attempt to obtain evidence regarding whether or not Mr. Hooper signed the return of service which Plaintiff maintains is impermissible due to the doctrines of collateral estoppel and the Rooker-Feldman Doctrine.  As such, Plaintiff moves this Court to sustain his objection to this question and give no weight to the resultant testimony.

Under Fed. R. Civ. P. 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." To support a summary judgment motion, the parties must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c). Moreover, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (citation and internal quotation marks omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

9

*Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202
(1986).

The court must construe the evidence and all reasonable
inferences arising from it in the light most favorable to the non-
moving party. *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157, 90 S.
Ct. 1598, 26 L. Ed. 2d 142 (1970); *see also Anderson, 477 U.S. at
255* (all justifiable inferences must be drawn in the non-moving
party's favor).

Any factual disputes will be resolved in the non-moving party's
favor when sufficient competent evidence supports the non-moving
party's version of the disputed facts. *See Pace v. Capobianco*, 283
F.3d 1275, 1276 (11th Cir. 2002) (a court is not required to resolve
disputes in the non-moving party's favor when that party's version of
events is supported by insufficient evidence). However, "mere
conclusions and unsupported factual allegations are legally
insufficient to defeat a summary judgment motion." *Ellis v. England*,
432 F.3d 1321, 1326 (11th Cir. 2005) (per curiam) (citing *Bald
Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989)).
Furthermore, "[a] mere 'scintilla' of evidence supporting the opposing
party's position will not suffice; there must be enough of a showing

that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citing *Anderson*, 477 U.S. at 252).

## ARGUMENT

### I. 15 U.S.C. § 1692(e) Claim

Plaintiff's remaining FDCPA claim revolves around Midland's false representation that Colby Hooper was served with the state court lawsuit. This false representation allowed Midland to obtain and default judgment against Plaintiff and garnish his wages, thereby causing him harm.

The FDCPA prohibits "…any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e).  "The language of the FDCPA is plain and clear. Debt collectors are categorically prohibited from making false or misleading representations and from engaging in abusive and unfair practices in connection with the collection of any debt. *See* 15 U.S.C. §§ 1692d-1692f." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1302 (11th Cir. 2015).

"§ 1692e is naturally read to bar "any" prohibited representation, regardless of to whom it is directed, *so long as* it is

11

made "in connection with the collection of any debt." *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1301 (11th Cir. 2015) (emphasis in the original).  It is not disputed that the lawsuit filed by Midland against the Plaintiff was filed in connection with the collection of a debt. [Doc. 38-5 at para. 9].  The FDCPA covers false statements made in documents filed in Court proceedings. *Miljkovic v. Shafritz & Dinkin, P.A.*, 791 F.3d 1291, 1304 (11th Cir. 2015) ("Had Congress intended to restrict application of the FDCPA to conduct directed only to the consumer or to exempt certain procedural filings from its provisos, it presumably would have done so expressly, *see, e.g.*, §§ 1692c(d), 1692e(11), but it did not draft the statute that way").

Further, to the extent that this Court has concerns that the law firm hired by Defendants, and not Defendants themselves violated FDCPA, as a general matter, the Supreme Court has made clear that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)(quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). As in *Link*, Defendants here

12

"voluntarily chose this attorney as [their] representative in the action, and [they] cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" 370 U.S. at 633-34 (internal citation omitted).

Midland, in its brief, argues that this Court should grant summary judgment because it acted in "good faith" and that Plaintiff testified that he does not know if Midland knew he was served or not. As such, Defendants' argument goes, "[Plaintiff] cannot dispute that Midland had a good faith basis for moving forward with the default judgment and subsequent garnishment proceeding.  And because Midland had a good faith basis it cannot be held liable under the FDCPA." [Doc. 39 at p. 30].  Midland then cites this Court to a non-binding District Court opinion out of the Southern District of California.  The Eleventh Circuit has stated,  "[t]he FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a **strict liability statute**." *LeBlanc v. Unifund*

*CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010) (citing 15 U.S.C.

1692k; *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2d

Cir. 2010)) (emphasis added).   The Eleventh Circuit has further held

that: "The FDCPA typically subjects debt collectors to liability **even**

**when violations are not knowing or intentional**.  See *LeBlanc*, 601

F.3d at 1190 (stating the FDCPA has been described as 'a strict

liability statute');  *Owen v. I. C. Sys., Inc.*, 629 F.3d 1263, 1270-71

(11th Cir. 2011) (emphasis added).

More specifically as to §1692e claims, the Eleventh Circuit has

held that: "[a] false representation in connection with the collection of

a debt is sufficient to violate the FDCPA facially, **even where no**

**misleading or deception is claimed**."  *Bourff v. Rubin Lublin, LLC*,

674 F.3d 1238 (11th Cir. 2012) (emphasis added).

Defendants' arguments that they cannot be liable for

misrepresenting to the state court that Mr. Hooper was served with the

collection lawsuit because they acted in "good faith," or that

Defendants reasonably relied on the service return when filing for the

default or didn't know he actually wasn't served with the lawsuit

make no difference.  The Eleventh Circuit has held that a debt

collector, like Midland violates the FDCPA even when it does so

14

without intent or knowledge and even when no misleading or deception is claimed because FDCPA has been called a strict liability statute.   This Court should disregard any and all of Defendants' arguments regarding Defendants' intentions or state of mind when evaluating the Plaintiff's FDCPA claim under 1692e(10).   Pursuant to binding Eleventh Circuit precedent, Defendants' knowledge and intent with regard to the false proof of service have no bearing on whether or not they violated FDCPA.

As stated above, Midland argues that it can escape liability because it had a good faith basis for moving forward with the default judgment and garnishment.   While Plaintiff disagrees, a debt collector can be held vicariously liable for letters drafted and sent by its collection attorney.  *See Janetos v. Fulton Friedman & Gullace, L.L.P.*, 825 F.3d 317 (7th Cir. 2016);  See also *Thompson v. Resurgent Capital Servs., L.P.*, No. 2:12-cv-01018-JEO, 2015 U.S. Dist. LEXIS 41639 (N.D. Ala. Mar. 31, 2015).   A debt collector should bear the burden of monitoring the activities of those it enlists to collect debts on its behalf.  *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 405 (3d Cir. 2000).   In a footnote related to the bona fide error defense, the Eleventh Circuit in *Owen v. I. C. Sys., Inc*, stated "[t]he FDCPA

15

contains another exception to the strict liability rule [in addition to the bona fide error defense], providing that debt collectors will not be liable for "any act done or omitted in good faith in conformity with any advisory opinion of the [Federal Trade] Commission." 15 U.S.C. § 1692k(e).".  *Owen v. I. C. Sys., Inc.*, 629 F.3d 1263 (11th Cir. 2011). An FTC opinion is not at issue here nor have Defendants argued that they should escape liability based upon the bona fide error defense and thus a "good faith" defense is wholly inapplicable to the FDCPA claim made in this case.

Further this Court should disregard any argument whatsoever that Defendant advances for the proposition that Plaintiff was in fact served with the collection lawsuit in state court because Defendant is collaterally estopped from making such argument and such argument attempts to impermissibly have this Court disturb a state court ruling in violation of the Rooker-Feldman Doctrine.

**II.  The State Court's Order setting aside the default judgment entered against the Plaintiff established as a matter of law that the Plaintiff was not served with the state court lawsuit and may not now be disturbed or revisited pursuant to the Rooker-Feldman Doctrine.  Midland is likewise collaterally estopped from presenting argument and evidence in this case that Plaintiff was served with the underlying state court lawsuit.**

      **A.     Collateral Estoppel**

Defendants should be collaterally estopped from presenting argument or evidence that Plaintiff was actually served with the underlying collection lawsuit.  As such this Court should not grant Defendants' Motion for Summary Judgment on Plaintiff's 1692e(10) FDCPA claim relating to the false representation that Plaintiff was served in the underlying state court case.

Defendants represented to the Small Claims Court of Jefferson County, Alabama that Colby Hooper was served with the state court lawsuit by filing a notice of service to that effect.  Mr. Hooper, then and now, claimed that he was not served.  Since was not served, Plaintiff filed a motion asking the state court to set the default aside [Doc. 18-3].   The only argument advanced by Colby Hooper in support of setting aside the default *was that he was not served with the complaint* [Doc. 18-3].  Under Alabama law, "Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void." *Northbrook Indem. Co. v. Westgate, Ltd.*, 769 So. 2d 890, 893 (Ala. 2000) (quoting *Ex parte Pate*, 673 So. 2d 427, 428-29 (Ala. 1995)).

Midland filed a response in opposition to the motion to set aside the default judgment. [Doc. 18-4].  Colby Hooper then filed a reply to

Midland's response [Doc. 18-5].  The Small Claims Court held a

hearing on the issue.  Colby Hooper and his counsel along with

Midland's counsel were at the hearing. [Doc. 18-6].  At the hearing,

counsel for Midland, despite being given the opportunity to present

evidence or argument declined to do so.  [Doc. 36-1, p. 85: 7-17].

After the hearing, the Small Claims Court entered an Order setting

aside the default judgment.  [Doc. 18-6].

Had the Small Claims Court held that Mr. Hooper did in fact

sign the return of service and was in fact served, the default judgment

would not have been set aside.  "Discretion plays no part in

determining whether a default judgment is void. 'If the judgment is

valid, it must stand; if it is void, it must be set aside.'"  *LVNV*

*Funding, LLC v. Boyles*, 70 So. 3d 1221, 1227 (Ala. Civ. App. 2009)

quoting *Russell Coal Co. v. Smith*, 845 So. 2d 781, 783 (Ala. 2002),

quoting in turn *Northbrook Indem. Co. v. Westgate, Ltd.*, 769 So. 2d

890, 893 (Ala. 2000), quoting in turn *Insurance Mgmt & Admin., Inc.*

*v. Palomar Ins. Corp.*, 590 So. 2d 209, 212 (Ala. 1991)).  Clearly the

Small Claims Court was convinced that Mr. Hooper was never served

with the state court lawsuit.  Midland chose not to appeal the Small

Claims Court's decision to set aside the default judgment entered

18

against Mr. Hooper.  As such, Midland accepted and consented to the

Small Claims Court's decision and it stands.

By setting aside the default judgment entered against him, the

Small Claims Court held *as a matter of law* that Mr. Hooper was not

served with the Complaint and the default judgment against him was

void.  As the Eleventh Circuit has held:

> Collateral estoppel or issue preclusion forecloses relitigation of an issue of fact or law that has been litigated and decided in a prior suit. There are several prerequisites to the application of collateral estoppel: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have been actually litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.

*I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549

(11th Cir. 1986).  See, e.g., *Greenblatt v. Drexel Burnham Lambert,*

*Inc.*, 763 F.2d 1352, 1360 (11th Cir. 1985); *Precision Air Parts, Inc.*

*v. Avco Corp.*, 736 F.2d 1499, 1501, 1504 (11th Cir. 1984), cert.

denied, 469 U.S. 1191, 105 S. Ct. 966, 83 L. Ed. 2d 970 (1985).

Plaintiff would assert that all four of the criteria that the

Eleventh Circuit requires for collateral estoppel to apply are present

here.  The issue at stake in the state court case as well as the issue before this Court is whether or not the Plaintiff was served with the underlying state court lawsuit.  If he was not served, as the Small Claims Court held, then Midland's representation to the Court through the notice of service it filed was false.  This issue was specifically litigated in the Small Claims Court by the parties.  Whether or not Plaintiff was served and, consequently, whether or not the default judgment entered against him should stand was a "critical and necessary" part of that judgment.  Finally, given the parties' briefing on that specific issue as well as the *ore tenus* hearing conducted by the state court, it cannot reasonably be argued that Defendants did not have a "full and fair opportunity to litigate" that specific issue.  As such, all four criteria are met and Defendants are collaterally estopped from arguing or presenting evidence that tends to indicate Plaintiff was served with the state court collection lawsuit.

### B.    The Rooker-Feldman Doctrine

Midland lost its state court collection lawsuit against Mr. Hooper.  By arguing to this Court that Mr. Hooper was actually served in the underlying Small Claims Court case, Midland impermissibly attempts to have this Court review the Small Claims Court's decision

20

to set aside the default judgment and consider evidence and argument

or even hold that Mr. Hooper was in fact served with the Small

Claims lawsuit and as such his FDCPA claims are without merit.  This

invitation to re-examine the underlying state court judgment

implicates the Rooker-Feldman Doctrine.

As the Eleventh Circuit held in *Carr v. U.S. Bank*:

"The Rooker-Feldman doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court." *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018). The purpose of the doctrine is "to ensure that the inferior federal courts do not impermissibly review decisions of the state courts—a role reserved to the United States Supreme Court." *Id*.

Under the Rooker-Feldman doctrine, a federal court is barred from adjudicating a claim that was "either (1) one actually adjudicated by a state court or (2) one inextricably intertwined with a state court judgment." *Id*. at 1286 (internal quotation marks omitted). A claim is inextricably intertwined "if it asks to effectively nullify the state court judgment, or it succeeds only to the extent that the state court wrongly decided the issues." Id. (internal quotation marks omitted). "A claim that at its heart challenges the state court decision itself—and not the statute or law which underlies that decision—falls within the doctrine because it complains of injuries caused by state-court judgments and invites review and rejection of those judgments." *May v. Morgan Cty.*, 878 F.3d 1001, 1005 (11th Cir. 2017) (alterations adopted) (internal quotation marks omitted

21

*Carr v. U.S. Bank*, 793 F. App'x 971 (11th Cir. 2019).

The Rooker-Feldman Doctrine can apply to holdings made in the course of state litigation such as the Small Claims court's setting aside the default judgment entered against Colby Hooper and implicitly finding that Plaintiff was not served with the collection lawsuit.  As the Eleventh Circuit has held:

> A challenge to holdings actually adjudicated by a state court plainly would be barred by *Rooker-Feldman*. Thus, for example, post-*Exxon Mobil*, this Court has held that an as-applied challenge to state DNA access procedures was barred by *Rooker-Feldman*. *Alvarez v. Att'y Gen.*, 679 F.3d 1257, 1263 (11th Cir. 2012). In still another case upholding the dismissal of a § 1983 claim as *Rooker-Feldman*-barred, we emphasized that a challenged search had been adjudicated to be lawful by the relevant state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995).
>
> *Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1289

(11th Cir. 2018).

In this case, Plaintiff's FDCPA claim is based upon Midland's false representation to the Small Claims court that it served Mr. Hooper.  The Small Claims Court actually adjudicated that issue and ultimately found against Midland in that Small Claims court lawsuit.  Should the Court entertain evidence or argument that Plaintiff was in fact served with the collection lawsuit, then this Court will have effectively found that the Small Claims Court wrongly decided the issue of service and will nullify the

decision of that court.  This sort of review and potentially nullification of state court decisions is what the Rooker-Feldman Doctrine is intended to prevent.

**C.  Should this Court not find that the doctrines of collateral estoppel and Rooker-Feldman preclude summary judgment, summary judgment would still be improper because of the genuine issue of material fact regarding whether or not Plaintiff was served with the underlying collection lawsuit.**

Plaintiff's position is that the Small Claims Court held as a matter of law that he was not served with the collection lawsuit and, as such, Midland misrepresented to the Small Claims Court that Plaintiff was served in violation of FDCPA which caused Plaintiff harm.  In fact, as this Court is aware, Plaintiff has filed his own Motion for Summary Judgment on this point.  Without conceding that point, should this Court not be persuaded by Plaintiff's arguments and citations to law and should this Court hold that neither the doctrine of collateral estoppel or the Rooker-Feldman Doctrine apply to bar the Defendants from arguing Plaintiff was served with the collection lawsuit, then whether or not Midland served Plaintiff with the collection lawsuit is a genuine issue of material fact that can only be decided by a jury.

Plaintiff's clear and unambiguous testimony in this case is that he was not served with the underlying collection lawsuit filed by Defendants. [Doc.

36-1, pp. 74:19-75:10; 76:10-77:4; 80:18-81:1]. Defendants have presented testimony, namely affidavits from Ervin A. VanSlambrouck and Hannah VanSlambrouck that contradict this testimony. (Docs. 38-7, 38-8).

If Plaintiff was **not** served, then Midland, in violation of FDCPA, filed a document falsely claiming that Plaintiff was served with the collection lawsuit and used that false return of service to obtain a default judgment against Plaintiff and garnish his wages.

If Plaintiff **was** served, then the notice of service was not a misrepresentation and likely Midland is not liable to Plaintiff under FDCPA.

It is undisputed that Midland represented to the Small Claims Court that it served Plaintiff with the collection lawsuit. Plaintiff expressly denies being served. It is Plaintiff's position that this fact has already been conclusively established by the Small Claims Court and cannot be reviewed based upon the doctrine of collateral estoppel and under Rooker–Feldman. However, if this Court finds that either collateral estoppel or Rooker–Feldman do not apply, then the question of service must be for a jury to decide.

## CONCLUSION

Midland's Motion for Summary Judgment is due to be denied. At a bare minimum, a question of fact exists as to whether it served Plaintiff and

thus filed a false service return affidavit.  For that reason, Plaintiff

respectfully requests that this Court deny the Midland's Motion for

Summary Judgment and allow his FDCPA claim to proceed to trial.


/s/ John C. Hubbard
John C. Hubbard
Attorney for Plaintiff

**OF COUNSEL:**
John C. Hubbard LLC
PO Box 953
Birmingham, AL 35203
(205) 378-8121

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

Jason Tompkins, Esq.
Thomas DeBray, Jr., Esq.
Balch & Bingham, LLP
P.O. Box 306
Birmingham, AL 35201-0306


/s/ John C. Hubbard