# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **Colby Hooper,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) CASE NO.: |
| | ) 2:19-cv-01601-HNJ |
| | ) |
| **Midland Funding, LLC;** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

In his motion for partial summary judgment, Plaintiff Colby Hooper asks this Court to find Defendants Midland Funding, LLC ("Midland Funding") and Midland Credit Management, Inc. ("MCM") (collectively, "Midland") liable under section 1692e(10) of the Fair Debt Collection Practices Act (the "FDCPA").[1] Hooper's lawsuit stems from—and solely from—an underlying state small claims court action that Midland Funding filed against him in the effort to collect a charged-off debt owed by Hooper to Midland Funding.[2] In turn, Hooper contends in his motion that Midland violated section 1692e(10) of the FDCPA because Midland allegedly "falsely represented to the [state small claims court] that [Hooper] was served with

---

[1] *See, e.g.*, Doc. 33 at p. 1. Section 1692e(10) of the FDCPA prohibits a debt collector from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

[2] *See, e.g.*, Doc. 1; Doc. 39 at pp. 6-19.

[Midland Funding's collection c]omplaint and [thereafter] obtained a default judgment against [him]."[3] However, and as detailed and explained in Midland's brief in support of its own motion for summary judgment,[4] Hooper's contentions are belied both by the relevant case law and the evidence of this case—including but not limited to the fact that **Hooper admitted under oath that Midland had no reason to believe that he (allegedly) had not been served with the underlying collection lawsuit.**[5]

Further, in his motion for partial summary judgment, Hooper fails to cite a single case that lends actual support to his argument.[6] In marked contrast, Midland's summary judgment brief contained—among other arguments and support—a thorough discussion and analysis of the squarely on-point case of *Rodrigo v. Barclays Bank Delaware*, No. 16-cv-808-JAH (JMA), 2017 WL 1155373 (S.D. Cal. Mar. 27, 2017).[7] In *Rodrigo*, the federal court held that "even if [it had] found that [the defendant-debt collector], through its registered process server, failed to serve the correct individual, . . . as a matter of law, that finding, on this record, would not support the inference that [the defendant] acted purposefully to procure proof of

---

[3] Doc. 33 at pp. 1-2.

[4] *See* Doc. 39.

[5] *See* Doc. 38-1 at p. 21 (Colby Hooper Dep. 78:11-19 (Oct. 23, 2020)); *see also id.* at p. 21 (Hooper Dep. 77:9-78:10).

[6] *Compare* Doc. 33 at pp. 4-9.

[7] *See* Doc. 39 at pp. 30-32; *see also* Doc. 39 at pp. 20-29.

2

service **in bad faith**, and file an allegedly false proof of service in violation of the FDCPA." *Rodrigo*, 2017 WL 1155373 at *7 (emphasis added).  The relevant question is not whether Midland Funding's collection lawsuit was actually served on Hooper—the relevant question is whether Midland had a good faith basis for believing that the collection lawsuit was served on Hooper.  As noted above, Hooper already has answered this question in the affirmative.[8]  Hooper's legally and factually deficient motion for partial summary judgment should be denied.

**Response to Hooper's "Statement of Undisputed Material Facts"**

In the "Statement of Undisputed Material Facts" section of Hooper's motion for partial summary judgment, Hooper posits that:

> On April 18, 2019, [Hooper] moved the Small Claims Court to set aside the default judgment solely on the grounds that he was not served with the summons and complaint and also to quash the garnishment.[9]

Midland's Response:  As discussed further below, Hooper did not argue to the small claims court that it should set aside the default "solely" because he (allegedly) was not served the summons and complaint.  In his underlying reply brief filed in support of his motion to set aside, Hooper argued to the small claims court that it should set aside the default for two reasons: 1) Midland Funding allegedly could not

---

[8] *See supra* at fn.5.

[9] Doc. 33 at p. 4, ¶ 6 (citing Doc. 18-3).

3

meet its burden of proof to establish proper service; and 2) the Alabama appellate courts generally disfavor default judgments.[10]

## Responsive Argument

Hooper's motion for partial summary judgment posits that Midland violated section 1692e(10) of the FDCPA because "Midland's representation to the Small Claims Court that [Hooper] was served with the summons and complaint in the Small Claims case [allegedly] was false, misleading[,] and deceptive[.]"[11] However, Hooper's argument is short on both the facts and the law.  The undisputed, material evidence palpably demonstrates that Midland acted in good faith in relying upon the duly signed and filed underlying return of service form, which attested to the fact that an independent process sever personally served Midland Funding's collection lawsuit upon Hooper on May 26, 2017.[12]  And because Midland acted in good faith, Hooper's motion for partial summary judgment misses the mark and otherwise is due to be denied.[13]

---

[10] *See* Doc. 18-5 at pp. 2-5.

Additionally, and to any extent necessary, Midland adopts, incorporates, and reasserts the "Statement of Undisputed Relevant Material Facts" set forth in its summary judgment brief.  *See* Doc. 39 at pp. 6-19.

[11] Doc. 33 at p. 4; *see id.* at pp. 5-8.

[12] *See, e.g.*, Doc. 38-8 at p. 6; Doc. 39 at pp. 11-12; *see also* Doc. 38-1 at p. 21 (Hooper Dep. 78:11-19 (Hooper testifying that he does not believe that Midland should have known that he (allegedly) was not served with Midland Funding's underlying collection lawsuit)).

[13] *See, e.g.*, *Rodrigo*, 2017 WL 1155373 at *7; *see also, e.g.*, *Hamilton v. Midland Funding LLC*, No. 2:14-cv-02008-AKK, 2017 WL 394839, at *4 (N.D. Ala. Jan. 30, 2017) ("These documents belie [the plaintiff]'s contention that Midland filed a frivolous lawsuit.") (granting

4

**I.      Hooper's motion for partial summary judgment mischaracterizes the record evidence.**

It first should be noted that Hooper's motion contains certain mischaracterizations of the record evidence.  For example, Hooper states that "[t]he only argument advanced by [him] in support of setting aside the [underlying] default [entered by the state small claims court] was that he was not served with the complaint"[14] and, in turn, that "by ordering that the default judgment be set aside, [the small claims court] obviously agreed with . . . Hooper's lone argument in support of setting aside the default judgment and held that he was never served with the summons and complaint."[15]  However, in the underlying reply brief filed by Hooper in support of his motion to set aside, Hooper argued to the state small claims court that it should set aside the default for two reasons: 1) because service was made by an independent process server (rather than by a sheriff), Midland Funding allegedly could not meet its burden of proof to establish proper service; and 2) the Alabama judiciary generally disfavors default judgments.[16]  And, in fact, the state

---

summary judgment in favor of the defendant-debt collector in a FDCPA case); *Krawczyk v. Centurion Capital Corp.*, No. 06-C-6273, 2009 WL 395458, at *10 (N.D. Ill. Feb. 18, 2009) (rejecting the plaintiff's FDCPA claims because the defendant-debt collector "had a good faith basis for pursuing its collection action in state court").

[14] Doc. 33 at p. 5 (citing Doc. 18-3) (emphasis omitted); *see also, e.g.*, *id.* at p. 4, ¶ 6 (citing Doc. 18-3).

[15] Doc. 33 at p. 5; *see also id.* at p. 7 ("In this case we have an Order from the Small Claims Court setting the default judgment aside with the only basis to do so being . . . Hooper's contention that he was never served.").

[16] *See* Doc. 18-5 at pp. 2-5.

5

court's subsequent order granting Hooper's motion to set aside the default mentioned nothing whatsoever about whether or not Hooper had been properly served.[17]

Moreover, Alabama Rule of Civil Procedure 60 provides several reasons for which a state court may set aside a default judgment, including but not limited to "mistake, inadvertence, surprise, or excusable neglect," or because it would be inequitable "that the judgment should have prospective application," or even for "**any other reason justifying relief**." ALA. R. CIV. P. 60(b) (emphasis added); *see Storage Equities, Inc. v. Kidd*, 579 So. 2d 605, 607 (Ala. 1991) (noting that **Alabama Rule of Civil Procedure 55 "contemplates a liberal exercise of the trial court's discretion in favor of setting aside default judgments"**) (emphasis added).[18] Again, the state small claims court's order did not actually provide a reason for its granting Hooper's motion to set aside the default;[19] among other reasons, it could have granted Hooper's motion because that court determined that it would no longer be equitable to find Hooper in default, or for "any other reason justifying relief"[20]

---

[17] *See* Doc. 38-11 at p. 2.

[18] *See also Prescott v. Baker*, 644 So. 2d 877, 879-80 (Ala. 1994) (recognizing that when "determining whether to grant or deny a motion to set aside a default judgment . . . the trial court should exercise its discretion with liberality and should balance the equities of the case with a **strong inclination toward allowing the defendant to have his day in court**") (emphasis added).

[19] *See* Doc. 38-11 at p. 2.

[20] ALA. R. CIV. P. 60(b).

from the default judgment. In sum, the record does not support Hooper's conclusory allegation that the state small claims court "held that he was never served with the summons and complaint"[21]—the state small claims court held no such thing.[22]

Additionally, Hooper's contention that "[t]here is no testimony before this Court that [Hooper] was served with the summons and complaint in the Small Claims Court case"[23] is not correct. Indeed, in support of its motion for summary judgment, Midland submitted a number of evidentiary materials demonstrating that Hooper "was served with the summons and complaint in the Small Claims Court case"—including but not limited to: 1) the affidavit of Hannah VanSlambrouck ("Mrs. VanSlambrouck"), the process server who personally served Midland Funding's collection lawsuit upon Hooper on May 26, 2017;[24] 2) the affidavit of Ervin A. VanSlambrouck, the owner and founder of the independent process service company for which Mrs. VanSlambrouck worked, VanSlam, Inc. ("VanSlam");[25] and 3) VanSlam's time-stamped "Service History" log regarding the service of Midland Funding's collection lawsuit upon Hooper.[26]

---

[21] Doc. 33 at p. 5.

[22] *See* Doc. 38-11 at p. 2.

[23] Doc. 33 at p. 6.

[24] *See* Doc. 38-8 at p. 3, ¶¶ 3-4.

[25] *See* Doc. 38-7 at p. 4, ¶¶ 6-7.

[26] *Id.* at p. 9.

These mischaracterized or otherwise incorrect contentions of Hooper are due no accord, and this Court should deny his motion for partial summary judgment. *Cf. Green-Crear v. Am. Family Care, Inc.*, No. CV 04-B-2408-S, 2005 WL 8158086, at *1 (N.D. Ala. Oct. 27, 2005) (recognizing that summary judgment is proper under Federal Rule of Civil Procedure 56(c) only if the movant has "present[ed] evidence showing that there is no dispute of material fact" or "show[n] that the nonmoving party cannot present evidence in support of some element of his case on which he bears the ultimate burden of proof") (quotation omitted).[27]

## II. The case law cited by Hooper in his motion for partial summary judgment is readily distinguishable from the case at bar.

As supposed support of his argument that Midland violated section 1692e(10) of the FDCPA by allegedly "misrepresent[ing] to the Small Claims Court that [he] was served with the [underlying] summons and complaint[,]" Hooper cites the FDCPA case of *Guzman v. Mel S. Harris and Associates, LLC*, No. 16 Civ. 3499 (GBD), 2018 WL 1665252 (S.D.N.Y. Mar. 22, 2018).[28] However, the *Guzman* case is not analogous to the facts of this action.

There, the New York federal court found "a triable issue of fact as to whether attempts were actually made to serve [the p]laintiff[-debtor] with the summons and

---

[27] *See also Dixie Stevedores, Inc. v. Marinic Maritime, Ltd.*, 778 F.2d 670, 673 (11th Cir. 1985) (holding that "a non-moving party is not required to respond to a motion for summary judgment until the moving party has supported the motion with sufficient proof").

[28] *See* Doc. 33 at p. 6.

8

complaint in the underlying Collection Lawsuit" on the at-issue date of June 6, 2007, agreeing with the plaintiff "that the fact that the Affidavit of Service describes 1304 Boston Road [*i.e.*, the address where service purportedly was made] as a 'Private Residence' is evidence that [the defendant-process server] did not actually travel to that address, because the building at that location is a grocery store, not a residence." *Guzman*, 2018 WL 1665252 at *6; *see id.* at *2 ("Plaintiff owned and operated a grocery store at 1304 Boston Road from 2001 through 2004, but was not operating it in 2007.  Plaintiff asserts that he never represented that 1304 Boston Road was his address and never received mail there . . .") (internal citation omitted).  The *Guzman* court further noted that the defendant-process service company's "database reflects that on June 6, 2007, [the defendant-process server] claimed to have attempted service of process at two different locations at 6:00 a.m." 2018 WL 1665252 at *6.[29]

By contrast, there is no evidence even tending to show that Midland (or, for that matter, Midland's lawyers or the independent process server) purported to serve Hooper at a "residence" that actually was a place of business; quite the opposite, Hooper has admitted that he resided at the address denoted in the underlying return

---

[29] *See, e.g.*, *id.* ("Plaintiff also identifies **twenty-one other instances** on the three dates [the defendant-process server] claims to have attempted to serve Plaintiff in which Plaintiff asserts that the interval of time between attempts at service at two different locations reflected in the database is too short—based on the distances between the two locations—to reflect actual attempts at serving process.") (emphasis added).

9

of service form on May 26, 2017—*i.e.*, the date of service.[30] Further still, unlike the process service company's service database records at issue in *Guzman*, VanSlam's "Service History" log contains no indication of service attempts made at multiple locations at the same time on any date—much less on May 26, 2017:

**Vanslam, Inc.**

Service History for Case: 1919-01-SM-2017-902861

| Amount | Notes | |
|---|---|---|
| $52.50 | 05-21-2017 13:49:09 Service Attempt Notice Location: ▓▓▓ | Server: Brandon Vanslambrouck |
| | 05-21-2017 DEFENDANT CALLED AND CONFIRMED ADDRESS ▓▓▓ -6550 | |
| | 05-26-2017 18:00:12 Defendant Served Location ▓▓▓ | Server: Hannah Vanslambrouck |
| | Uploaded File ( 01-SM-2017-902861-1 ) Download | |
| | Case Closed | |

Doc. 38-7 at p. 9. In sum, the myriad "sewer service" concerns at issue in *Guzman* are not present here, and Hooper's reliance on such a plainly distinguishable case is ineffective.[31]

---

[30] *See* Doc. 36-1 at p. 4 (Hooper Dep. 15:6-16:5); *cf.* Doc. 36-24.

[31] The case of *Polanco v. NCO Portfolio Management*, 132 F.Supp. 3d 567 (S.D.N.Y. 2015)—from which Hooper's citation to *Guzman* quotes (*see* Doc. 33 at p. 6)—likewise is distinguishable. There, the court found a triable issue of fact as to the plaintiff-debtor's "sewer service" claim where, in response to the plaintiff's testimony that she was never served with the underlying collection complaint and that a "phantom neighbor" instead was served, the defendant-debt collector merely relied on the underlying return of service form without any other evidence in support. *See* 132 F.Supp. 3d at 583; *see also id.* at 572. Here, though, Midland has submitted numerous affidavits and other evidentiary materials soundly refuting and dispelling Hooper's conclusory allegation that he was not served with the underlying collection lawsuit. *See, e.g.*, Doc. 38-5 at pp. 5-6, ¶¶ 10-11; Doc. 38-7 at p. 4, ¶¶ 6-7; *id.* at p. 9; Doc. 38-8 at pp. 3-4, ¶¶ 3-5; *id.* at pp. 6, 8. Moreover, the *Polanco* case did not address section 1692e(10) (or, for that matter, any other subpart of section 1692e) of the FDCPA.

Hooper also cites—in an unadorned footnote—the case of *Rendon v. HBLC, Inc.*, No. 17 CV 2386, 2017 WL 7275423 (N.D. Ill. Oct. 25, 2017). *See* Doc. 33 at p. 6, fn.3. However, that case concerned a Rule 12(b) motion to dismiss—not a summary judgment motion filed pursuant to Rule 56. *See Rendon*, 2017 WL 7275423 at *1. The issue at hand here is not whether Hooper

Hooper then quotes the case of *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010) for the proposition that "[t]he FDCPA does not ordinarily require proof of intentional violation and, as a result, is described by some as a strict liability statute."[32]  *LeBlanc*, 601 F.3d at 1190.  In *LeBlanc*, the Eleventh Circuit determined that the defendant's purported violation of the Florida Consumer Collection Practices Act for failing to register as an "out-of-state consumer collection agency" may support a cause of action under the FDCPA.  *See* 601 F.3d at 1197-98.  In other words, that case had nothing to do with service of process, moving for or obtaining a default judgment, or any other issue relevant to the case at bar.[33]  Simply put, although Hooper "offers multiple authorities which, according

---

has pled sufficient allegations on which to state a legally cognizable claim; thus, a case applying a Rule 12(b) motion to dismiss standard is inapplicable to Hooper's summary judgment argument. *See, e.g.*, *Steadman v. Calhoun Cnty. Bd. of Educ.*, No. 04-BE-1148-E, 2006 WL 8437346, at *1 (N.D. Ala. Jan. 10, 2006) ("A motion to dismiss assumes [the p]laintiff's allegations to be true, while a motion for summary judgment tests the sufficiency of the actual evidence.").

[32] Doc. 33 at p. 7.

[33] Similarly, the case of *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130 (2d Cir. 2010)—to which Hooper's quotation of *LeBlanc* cites (*see* Doc. 33 at p. 7)—has no relevance to this action. More specifically, in *Ellis*, the defendant-debt collectors sent the plaintiff-debtor a "validation notice," which not only set forth the plaintiff's right to dispute the subject debt, but it also triggered a 30-day "validation period" during which the plaintiff could send a notice disputing the debt to the debt collectors. *See* 591 F.3d at 131-32. During this validation period, the defendants served the plaintiff with a collection lawsuit. *Id.* at 132. However, because the "defendants failed to inform the [plaintiff] that the commencement of the [collection] lawsuit had no effect on the information contained in the validation notice[,]" the Second Circuit affirmed the district court's finding that "the service of the summons and complaint overshadowed the validation notice in violation of the FDCPA." 591 F.3d at 132. No such issue is present in the case at bar.

Finally, Hooper's citations to *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993) and *Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962)

11

to [him], should compel this Court to enter a [partial] summary judgment in [his] favor, **none of them are on point with this action**. . . .  Accordingly, [Hooper]'s motion for [partial] summary judgment is, therefore, due to be **DENIED**." *Moore v. Bibb Med. Ctr.*, No. 5:09-cv-02291-JEO, 2011 WL 13229386, at *9-10 (N.D. Ala. Mar. 31, 2011) (denying movant's motion for summary judgment) (first emphasis and bracketed text added) (second emphasis supplied by court).

**III.  The *Rodrigo* case is on-point and directly cuts against Hooper's position.**

Although Hooper failed to support his motion for partial summary judgment with any persuasively analogous authority, Midland's summary judgment briefing does not suffer the same pitfall.  Rather, in its brief in support of its motion for summary judgment, Midland discussed the markedly instructive case of *Rodrigo v. Barclays Bank Delaware*, No. 16-cv-808-JAH (JMA), 2017 WL 1155373 (S.D. Cal. Mar. 27, 2017),[34] wherein the plaintiff-debtor claimed that the defendants, a debt collector and its outside collection law firm, violated the FDCPA because they "'effectuated fraudulent service'" of process on her.  2017 WL 1155373 at *2 (quoting record).  The relevant facts of the *Rodrigo* case are substantively identical to the facts of this action:

1)  The debt collector moved for a default judgment in its underlying state court collection action against the debtor based on the filed proof of

---

are of no import given that Midland is not "attempt[ing] to . . . blame" its outside collection counsel.  Doc. 33 at p. 7; *see id.* at p. 8.

[34] *See* Doc. 39 at pp. 30-32.

        service denoting that the debtor had been served with the collection lawsuit;

2)     The state court entered default judgment against the debtor based on that filed proof of service;

3)     The debtor thereafter filed a motion to vacate the default judgment, "arguing that she was **never personally served with the summons and complaint**[;]"

4)     The debt collector opposed the debtor's motion to vacate the default judgment;

5)     **The state court granted the debtor's motion to vacate the default judgment**; and

6)     As a result, the debtor later sued the debt collector and its outside law firm in federal court for allegedly violating the FDCPA and state law.

*Rodrigo*, 2017 WL 1155373 at *2.

In the federal court action, the *Rodrigo* defendants argued that they could not be held liable under the FDCPA because "proof of service was not procured, and subsequently filed, in bad faith" and further that "the record reflects that proof of service was reliably obtained, relied upon, and filed with the [state court] in good faith[.]" 2017 WL 1155373 at *3, 6.[35] The federal court agreed with the defendants and dismissed the plaintiff's FDCPA claims, noting that "even if [it had] found that [the defendant-collection law firm], through its registered process server, failed to serve the correct individual, . . . that finding . . . **would not support the inference**

---

[35] Similar to the return of service form filed in Midland's underlying collection action against Hooper, the proof of service form at issue in *Rodrigo* contained the process server's signature and declaration of service. *See* 2017 WL 1155373 at *2; *cf.* Doc. 38-8 at p. 6.

13

**that [the defendant] acted purposefully to procure proof of service in bad faith, and file an allegedly false proof of service in violation of the FDCPA.**" 2017 WL 1155373 at *7 (emphasis added).

Just as in *Rodrigo*, Midland's outside collection law firm reasonably relied upon the duly signed and attested return of service form when it filed the motion for default judgment on behalf of Midland Funding[36]—indeed, even Hooper has admitted that Midland had no reason to believe that he (allegedly) was not served with the underlying collection lawsuit.[37] Nothing within Hooper's motion for partial summary judgment alters the dispositive reality that the record evidence does "not support the inference that [Midland or its counsel] acted purposefully to procure proof of service in bad faith, and file an allegedly false proof of service in violation of the FDCPA." *Rodrigo*, 2017 WL 1155373 at *7. As such, this Court should deny Hooper's motion.

**IV.   Hooper's passing reference to the *Rooker-Feldman* doctrine is not supported by any cited legal authority and otherwise misses the mark.**

In his motion for partial summary judgment, Hooper blindly asserts that "[t]o entertain argument or evidence that . . . Hooper was in fact served with the Small Claims summons and complaint despite the Small [Claims] Court Order finding

---

[36] *See* Doc. 38-5 at pp. 5-7, ¶¶ 10-13; *see also* Doc. 38-6 at p. 32.

[37] *See* Doc. 38-1 at p. 21 (Hooper Dep. 77:9-78:19).

14

otherwise would impermissibly allow this Court to act as an appeals court for the Small Claims court case involving these parties which is prohibited pursuant to the Rooker-Feldman Doctrine."[38]  As discussed above (and as also expounded upon in Midland's summary judgment brief[39]), this Court does not need to conclude that Hooper was served with Midland Funding's underlying collection complaint in order to deny Hooper's motion for partial summary judgment.  Further still, Hooper fails to cite any case law or other authority in support of his *Rooker-Feldman* salvo.[40]  As such, this Court need not consider Hooper's undeveloped *Rooker-Feldman* argument. *See, e.g.*, *Rossi v. Fulton Cnty., Ga.*, No. 1:10-cv-4254-RWS-AJB, 2013 WL 1213205, at *26 (N.D. Ga. Feb. 8, 2013) ("Because [the movant] has proffered no argument or analogous case law, the undersigned finds that [the movant] has not met the initial burden it must bear on a motion for summary judgment."), *rpt. and recomm. adopted* 2013 WL 1213139 (N.D. Ga. Mar. 22, 2013).[41]

---

[38] Doc. 33 at p. 7.

[39] *See* Doc. 39 at pp. 21-32.

[40] *Compare* Doc. 33 at p. 7.

[41] *See also Case v. Eslinger*, 555 F.3d 1317, 1329 (11th Cir. 2009) (noting that a party "cannot readily complain about the entry of a summary judgment order that did not consider an argument [that the party] chose not to develop for the district court at the time of the summary judgment motions") (citation omitted); *Rice-Lamar v. City of Ft. Lauderdale, Fla.*, 232 F.3d 836, 840 (11th Cir. 2000) ("The moving party [at the summary judgment stage] bears the initial burden of informing the court of the basis for its motion and of identifying those materials that demonstrate the absence of a genuine issue of material fact.").

And even if this Court were to consider whether Hooper was actually served, his unadorned *Rooker-Feldman* doctrine argument still would fail. Indeed, "the *Rooker-Feldman* doctrine is a narrow doctrine that only applies to an attempt to appeal a state court judgment." *Vasquez v. YII Shipping Co., Ltd.*, 692 F.3d 1192, 1195 (11th Cir. 2012). The doctrine "is confined to cases that . . . were 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and *inviting district court review and rejection of those judgments*.'" *Id.* at 1195-96 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)) (emphasis supplied by court). Here, Midland did not bring this action, and Midland likewise is not seeking to overturn the underlying state small claims court's order setting aside the default— *i.e.*, Midland is not attempting to resuscitate the default judgment or Midland's ability to collect the sued-upon debt from Hooper. As such, the *Rooker-Feldman* doctrine has no applicability to this action. *See id.*; *see also, e.g.*, *Rodrigo*, 2017 WL 1155373 at *2, 6-7 (dismissing the plaintiff-debtor's FDCPA claims even though the underlying state court had granted the debtor's motion to set aside the default judgment based on supposed "fraudulent service" of process).

Accepting Hooper's argument would mean that a debt collector automatically violates the FDCPA whenever it relies on a duly attested return of service form and/or a duly entered court order granting a default judgment when pursuing a

default judgment and/or process of garnishment that subsequently is set aside or released. That is not the law; by comparison, simply because the underlying state small claims court later decided that Midland Funding did not prove the merits of its collection case by a preponderance of the evidence does not mean either that Hooper never actually owed the subject debt or that Midland violated the FDCPA—and it obviously does not mean that Midland would be precluded from offering evidence on those issues. *See Hamilton v. Midland Funding LLC*, No. 2:14-cv-02008-AKK, 2017 WL 394839, at *4-5 (N.D. Ala. Jan. 30, 2017) (**rejecting plaintiff-debtor's argument "that the state court judgment in her favor means that Midland did not have a legal right to the debt" and holding that "no legal basis exists for the contention that losing a collections suit in state court means that the debt collector had no legal basis to file the suit or t***hat it is automatically exposed to FDCPA liability*****"**) (emphases added).[42]

Thus, just as any debt collector is allowed to offer evidence to defend itself in a FDCPA lawsuit arising out of a state court collection lawsuit in which the debtor prevails, Midland here is allowed to offer evidence to invalidate Hooper's conclusory allegations relating to the supposedly "fraudulent" service of process and default judgment—including, at a bare minimum, evidence demonstrating

---

[42] *See also Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) (recognizing that an unsuccessful collection action did not violate the FDCPA).

Midland's good faith basis for filing the underlying motion for default judgment. Hooper's *Rooker-Feldman* doctrine argument is a red-herring, and his motion for partial summary judgment is due to be denied.

## Conclusion

Pursuant to the above, Midland respectfully requests that this Court enter an order denying Hooper's motion for partial summary judgment.

*/s/ Thomas R. DeBray, Jr.*
One of the Attorneys for Defendants

**OF COUNSEL:**

Jason B. Tompkins
Thomas R. DeBray, Jr.
Balch & Bingham LLP
P.O. Box 306
Birmingham, Alabama 35201-0306

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed on this the 14th day of January, 2021, via CM/ECF, which will electronically notify the following counsel of record:

John C. Hubbard
JOHN C. HUBBARD, LLC
P.O. Box 953
Birmingham, Alabama 35201

W. Whitney Seals
COCHURN & SEALS, LLC
P.O. Box 10448
Birmingham, Alabama 35202-0448

*/s/ Thomas R. DeBray, Jr.*
Of Counsel